### BERGMAN REALTY COMPANY *v.* W. HALL HARRIS ET AL., TRUSTEES.

*Ground Rent—Covenant for Redemption.*

A covenant in a lease giving the lessee, his heirs and assigns, a right to redeem "at any time within five years from the date hereof and during the continuance of this present demise," does not give a right of redemption after five years.

*Decided June 10th, 1926.*

Appeal from the Circuit Court of Baltimore City (SOLTER, J.).

Petition by the Bergman Realty Company asking that W. Hall Harris and Francis N. Iglehart, substituted trustees, be ordered to execute a conveyance by way of redemption of an existing ground rent. From a decree dismissing the petition, petitioner appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Frank Driscoll,* with whom was *W. Wallace Rynhart* on the brief, for the appellant.

*W. Hall Harris, W. Hall Harris, Jr.,* and *Harris & Thompson,* submitting on brief, for the appellees.

URNER, J., delivered the opinion of the Court.

As successor of the original lessee, the appellant claims the right, under a lease of certain real estate in Baltimore, to redeem the property from the reserved rent. The lease was executed in 1833 and created a renewable term of ninety-nine years. It required the payment of rent at the rate of one hundred and twenty dollars annually. There were provisions for the forfeiture of the term in the event of continuing default in the payment of rent during a specified period. It was covenanted in the lease that the lessor, his heirs and assigns, "shall and will at any time within five years from the date hereof, and during the continuance of this present demise, at the reasonable request and proper cost and charge in the law," of the lessee, "his heirs and assigns, and on his or their paying or tendering in payment to the" lessor, "his heirs and assigns, the sum of two thousand dollars ($2,-000.00), lawful money, over and above all rent accrued by virtue of this lease, and then in arrear * * *, make, execute, acknowledge and deliver * * * to the" lessee, "his heirs and assigns, a deed of conveyance of and for the piece or parcel of ground and premises," described. The theory of the appellant is that, under the terms of the covenant quoted, a right of redemption exists in favor of the tenant at any time during the entire leasehold term. The appellees, as the successors of the original lessor, oppose the effort of the appellant to redeem, and assert that such a privilege could only be exercised within five years after the execution of the lease, according to the true intent and meaning of the redemption covenant. In consequence of the adoption of this view by the lower court, the petition to redeem was dismissed on demurrer. With that conclusion we agree.

If it had been the purpose of the covenant that the option to redeem should be exercisable during the whole duration

of the lease, there was no reason whatever for the use of the words "within five years" from its date. That was a limitation of time which was definitely applied to the privilege of redemption. Its presence in the covenant would have to be disregarded if the appellant's theory should be accepted. The words "and during the continuance of this present demise," are not inconsistent with the time limit phrase to which they are added. The meaning of these words, in connection with the immediately preceding language, is that the redeemability of the lease, even within the five year period, depends upon its continuance without breach of any prescribed conditions which might cause it to be forfeited. This interpretation gives effect to all of the terms employed, while the alternative construction would ignore the time restriction as being without design or significance.

A similar question was presented in the case of *Packard v. Corp. Relief of Widows,* 77 Md. 240. The option to redeem in that case could be exercised, as stipulated, within one year after the expiration of ten years from the date of the lease, "and during the continuance" of the tenancy. The lessee claimed the right to redeem at any time during the continuance of the lease after the expiration of ten years from the date of its execution. In declining to sustain that contention the Court said: "The usual and ordinary function of the word 'and' is to join the sentence which follows it to the one which precedes, and we find no reason why the parties did not intend to employ it according to its natural acceptation. Its effect, therefore, in its use in this clause, was to make these several sentences cumulative, so that the redemption should not occur, unless three conditions existed, viz., it must be after the expiration of ten years from the date of the lease, within one year thereafter *and* during the continuance of the lease. The words 'and during the continuance of the lease,' were evidently inserted out of abundant caution, to prevent a claim to the right of redemption being set up, even though under preceding covenants, or from any cause whatever, the lease had terminated."

*Decree affirmed, with costs.*